IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

WILLIAM KOCH and KRISTEN ERIKSEN,
as Co-Personal Representatives of the Estate of
SHERRY A. KOCH, Deceased,

   Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

   Defendant.
_____/

CASE NO.: 16-CA-011602

DIVISION: J

## COMPLAINT FOR UNINSURED MOTORIST BENEFITS AND DEMAND FOR JURY TRIAL
### (CONTRACT ACTION AND PERSONAL INJURY)

COMES NOW Plaintiffs, WILLIAM KOCH and KRISTEN ERIKSEN, as Co-Personal Representatives of the Estate of SHERRY A. KOCH, Deceased, and by and through undersigned Counsel, and sue Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, and as grounds therefor states as follows:

### GENERAL ALLEGATIONS OF FACT

1. This is an action for damages in excess of $15,000.

2. This Court has jurisdiction in this matter, and venue in this Court is proper as Plaintiff SHERRY A. KOCH was at all material times a citizen and resident of the State of Florida, the motor vehicle accident giving rise to this cause of action occurred in the State of Florida, and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1

To: 8132049660   From: State Farm   Fax: ISC East F01P (Secon   KOFAX at: 17-01-06-17:41   Doc: 489   Page: 007

(hereinafter "STATE FARM") at all material times has conducted business and maintained offices for its businesses and/or has agents or employees in Hillsborough County, Florida.

3. Defendant STATE FARM is a foreign corporation authorized to conduct business in the State of Florida or in the alternative is a Florida corporation which did conduct business in the State of Florida at all material times.

4. On or about June 23, 2012, Plaintiffs' Decedent was a passenger in a vehicle owned by her and operated by her fiancé Nicholas Testa, which was in a southbound lane of State Road 55 (U.S. Highway 19) and was stopped before a red traffic signal at the intersection of S.R. 55 with County Road 1 (Little Road). One Kimberly Ann Bombara, driving her vehicle southbound on S.R. 55, violently collided with and struck the rear end of the vehicle in which Decedent was a passenger, causing injuries to Decedent. Kimberly Ann Bombara was cited at the scene for careless driving in violation of Fla.Stat. 316.1925(1).

5. Kimberly Ann Bombara was negligent in the operation of her motor vehicle, causing the collision with Decedent's fiance's vehicle and causing injuries to Decedent, and was entirely and solely at fault in causing said collision.

6. At the time of the collision, Decedent was utilizing all available safety restraints, including lap belts and shoulder harnesses. Further, her motor vehicle driven by Nicholas Testa at the time of the collision was stopped and motionless and waiting at a red traffic signal. As such, neither Decedent nor Nicholas Testa is responsible for any percentage or degree of comparative fault in either the occurrence of this motor vehicle accident or Decedent's resulting injuries and damages.

7. Decedent, as a result of her injuries sustained in the incident described above, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,

To: 8132049660   From: State Farm   Fax: ISC East FOIP (Secon   KOFAX at: 17-01-06-17:41   Doc: 489   Page: 008

inconvenience, loss of capacity for enjoyment of life, aggravation of pre-existing or activation of latent conditions, lost wages, loss of past and future earning capacity, and incurred medical bills and related expenses. All of these losses, suffered in the past since the date of this incident and in the future, were either permanent or continuing in nature and the Decedent continued to suffer such losses until the date of her death.

8.  At the time of the collision, Decedent was owner of another motor vehicle, not involved in the accident, a 2005 Dodge Ram 1500. At the time of the collision, said motor vehicle was insured by Defendant STATE FARM under Policy No. G288-038-59, said insurance including "stacking" uninsured/underinsured motorist coverage to the limits of $100,000 per person, $300,000 per collision, as reflected in correspondence to Plaintiffs' Counsel from Defendant's adjusters of August 21, 2012 and August 27, 2012; said correspondence, with Certified Policy Record attached thereto, and the relevant Declarations Page and the relevant portions of the insurance policy being attached hereto as **Plaintiff's Composite Exhibit "A"**. The letter of August 21, 2012 expressly states, "Sherry Koch, as a Named Insured, meets the definition of an insured under the Uninsured/Underinsured Motorist Coverage."

9.  Decedent was paid and exhausted all insurance coverage available to her from the motor vehicle insurance of Kimberly Ann Bombara, who is therefore, for purposes of Defendant's insurance coverage of Decedent, an uninsured/underinsured driver with respect to all of Decedent's damages in excess of that amount.

10. Decedent's damages, over and above the amount paid her by the motor vehicle insurance of Kimberly Ann Bombara, are far in excess of the $100,000 of uninsured/underinsured motorist coverage provided by Defendant in the subject policy of insurance.

11. Decedent timely provided Defendant STATE FARM with notice of her claims, and otherwise complied with all conditions precedent, terms, and obligations of the insurance policy herein prior to the commencement of this lawsuit.

12. On March 5, 2016 (filing accepted March 8, 2016), Plaintiffs' Counsel filed a Civil Remedy Notice with the Florida Department of Financial Services, alleging Defendant had violated Fla.Stat. 624.155(1)(b)(1) by not attempting in good faith to settle claims when, under the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interests. Plaintiffs' Counsel provided a copy of said Civil Remedy Notice, with a cover letter, to Defendant's adjuster Robert Desiato. The Civil Remedy Notice and cover letter are attached hereto as **Plaintiffs' Composite Exhibit "B"**.

13. On May 25, 2016, SHERRY A. KOCH died. Plaintiffs WILLIAM KOCH and KRISTEN ERIKSEN subsequently were appointed Personal Representatives of her Estate, in *In re: Estate of Sherry Koch*, Case No. 2016-CP-000803, Circuit Court of the Sixth Judicial Circuit, Pasco County, Florida, Probate Division, via Letters of Administration and Order Admitting Will to Probate and Appointing Personal Representatives, attached hereto as **Plaintiffs' Composite Exhibit "C"**.

### COUNT I: SURVIVAL CLAIM FOR PERSONAL INJURIES TO SHERRY A. KOCH

14. All allegations of fact made in paragraphs 1 through 13 above are here re-alleged as if fully set forth herein.

15. The negligence of Kimberly Ann Bombara was the legal cause of personal injuries to Decedent SHERRY A. KOCH.

16. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is contractually liable to compensate the Estate of Decedent SHERRY A. KOCH for personal injuries caused by underinsured motorist Kimberly Ann Bombara, from the date of her injuries to the date of her death.

## COUNT II: ALTERNATIVE CLAIM FOR WRONGFUL DEATH OF SHERRY A. KOCH

17. All allegations of fact made in paragraphs 1 through 13 above are here re-alleged as if fully set forth herein.

18. The negligence of Kimberly Ann Bombara was the legal cause of death to Decedent SHERRY A. KOCH, or, in combination with other causes, contributed substantially to her death.

19. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is contractually liable to compensate the Survivors of Decedent SHERRY A. KOCH for wrongful death caused by underinsured motorist Kimberly Ann Bombara.

20. The potential beneficiaries of a recovery by Plaintiff in this action and the relationship to the Decedent are as follows:

| Potential Beneficiary | Relationship |
| --- | --- |
| WILLIAM KOCH | SON |
| KRISTEN ERIKSEN | DAUGHTER |
| JAY CLIFFORD KOCH | SON |

WHEREFORE, Plaintiffs WILLIAM KOCH and KRISTEN ERIKSEN, as Personal Representatives of the Estate of SHERRY A. KOCH prays this Court to enter judgment against Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY for

5

compensatory damages, including bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for enjoyment of life, aggravation of pre-existing or activation of latent conditions, all of which were permanent until the time of her death; medical bills and related expenses; net accumulations, and all other damages and losses allowable by law, pursuant to the survival claim and/or the wrongful death claim stated herein; for costs of this suit; and for such other and further relief as the Court may deem just and proper; and Plaintiff furthermore demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: 12/19/2016

DENNIS A. LOPEZ, ESQUIRE
DENNIS A. LOPEZ, P.A.
Attorney for Plaintiffs
210 N. Pierce Street
Tampa, Florida 33602
(813) 223-1977
FBN 335819