UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM KOCH and KRISTEN
ERIKSEN as Co-Personal Representatives
of the Estate of SHERRY A. KOCH,
Deceased,

    Plaintiffs,

v.                                                        Case No: 8:17-cv-193-T-30AAS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon the Plaintiffs' Motion for Remand (Dkt. 13) and Defendant's Response (Dkt. 16). The Court, having reviewed the Motion, Response, and being otherwise advised in the premises, concludes that the Motion should be denied.

## BACKGROUND

On December 21, 2016, Plaintiffs William Koch and Kristen Erikson ("Plaintiffs") filed a Complaint against Defendant State Farm Mutual Automobile Insurance Company ("Defendant") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Plaintiffs' Complaint seeks underinsured/uninsured motorist benefits under the Defendant's policy insuring the decedent, Sherry Koch. On January 25, 2017,

the Defendant removed this case, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1). On August 25, 2017, Plaintiffs filed this Motion arguing that the case should be remanded because the amount in controversy is less than $75,000. (Dkt. 13). The parties do not dispute diversity of citizenship.

## DISCUSSION

Plaintiffs argue that the case should be remanded because 1) an allegation of damages made in their Complaint was inaccurate and not applicable to this case, and 2) new information not known to Plaintiffs at the time of this case's removal may change the amount in controversy. Because this case was removed from state court, the Defendant bears the burden of proving that subject matter jurisdiction exists in this Court over this case. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Because the Complaint does not specify an amount of damages, the Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See Williams*, 269 F.3d at 1319. The Eleventh Circuit allows a Defendant to meet its burden by either: (a) showing that it is facially apparent from the Complaint that the amount in controversy is exceeded; or (b) producing evidence showing that the amount in controversy is exceeded. *See id*. at 1319–20.

### I. The Complaint

The Defendant argues that since Plaintiffs' Complaint alleges damages in excess of $100,000, the jurisdictional amount in controversy is met. (Dkt. 16, p. 3–4).

The Complaint states the following:

10. Decedent's damages, over and above the amount paid her by the motor vehicle insurance of Kimberly Ann Bombara, are far in excess of the $100,000 of uninsured/underinsured motorist coverage provided by Defendant in the subject policy of insurance.

(Dkt. 2, p. 3, ¶ 10).

Defendant meets its burden of proof by pointing to Plaintiffs' Complaint from which it is "facially apparent" that the amount in controversy more likely than not exceeds the jurisdictional requirement. Plaintiffs state outright that the damages are "far in excess of $100,000." (Dkt. 2, p. 3, ¶ 10). The Eleventh Circuit has made clear that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). *See also*, *AAA Abachman Enterprises, Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (finding that in an action seeking declaratory relief, "…[Plaintiff's] own valuation of the monetary worth of the right that is the object of the litigation here—supports [Defendant's] position that the suit meets the amount in controversy requirement.").

Plaintiffs claim that the paragraph in their Complaint alleging that damages far exceed $100,000 was "based on Plaintiff's inaccurate assessment of their compensable damages." (Dkt. 13, p. 11). In Defendant's Response to Plaintiffs' Motion for Remand, Defendant points out that Plaintiffs had the opportunity to amend their Complaint if this was the case. (Dkt. 16, p. 4). The Court agrees.

Based on Plaintiffs' allegations in their Complaint, the amount in controversy appears to exceed the jurisdictional requirement. Even if the Court was to find that Plaintiffs' Complaint does not state the amount "clearly on the face of the documents," the Court can readily deduce that the amount in controversy is likely greater than $75,000 given the type of claims alleged and damages sought. *See e.g.*, *Roe v. Michelin North America. Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (analyzing the value of the Plaintiff's claim in a wrongful death action with "judicial experience and common sense" to determine that the claims "likely exceed the $75,000 jurisdictional requirement.").

## II. Post-Removal Evidence

A court's analysis of the amount in controversy focuses on the amount in controversy "at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010). In *Pretka*, the Eleventh Circuit instructed that a district court may elicit and review post-removal evidence in assessing removal jurisdiction:

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We ... adopt[ ] a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize ... that under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.

*Pretka*, 608 F.3d at 773.

Because post-removal evidence is considered if "the evidence sheds light on the situation which existed when the case was removed," the Court must determine if the evidence provided assists the Court in determining the amount in controversy at the time

4

of removal. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir, 2000) (citing *Harmon v. OKI Sys.*, 115 F.3d 477, 479–80 (7th Cir. 1997) in its adoption of the more flexible approach to analyzing post-removal evidence as used by sister circuits). The Court determines that the information from Plaintiffs provides no such assistance.

Plaintiffs attached a Civil Remedy Notice of Insurer Violations ("Notice") to their Complaint, which specified that the decedent "had incurred at least $67,092.82 in total bills for medical treatment arising from the motor vehicle accident, which included $46,535.81 billed by Bayonet Point Regional Medical Center…." (Dkt. 2-1, Exh. B, p. 20). This Notice also states that the medical bills from Bayonet Point "were later reduced," but does not state how much the bill was reduced. *Id.* Plaintiffs' "evidence" of the reduction only consists of statements that today, a portion of the medical bills used to estimate the amount in controversy "may not in fact be ow[ed] or may be substantially reduced" and "therefore the amount in controversy is potentially substantially reduced." (Dkt. 13, p. 4, ¶ 10, 13). The Court agrees with the Defendant that Plaintiffs' allegations are too speculative and cannot be relied on by the Court to accurately examine the amount in controversy at the time of removal.

Although all parties had notice of a reduction in the medical bill from Bayonet Point[1], the amount which the bill was reduced still has not been shown. Plaintiffs did not

---

[1] The Notice bears a "Filing Accepted" date of March 8, 2016. (Dkt. 2-1, Exh. B, p. 20). The Defendant removed this case on January 25, 2017. (Dkt. 1). This indicates that for potentially up to 10 months both parties had notice that there was some sort of reduction in the bill from Bayonet Point.

provide the Court with any *evidence* that "sheds light" on the amount in controversy that existed at the time of removal. Plaintiffs only stated that the amount of the medical bill *may* be different. *See* (Dkt. 13, p. 4, ¶ 10, 13). Although district courts are permitted to make "reasonable deductions, ... inferences, [and] ... extrapolations" and need not "suspend reality" when determining whether a party has established the jurisdictional amount, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010), the Court cannot assume that the reduction here is enough to render remand proper.

Plaintiffs also admit that the reduction of medical bills was unknown to them "at the time of the filing of this lawsuit and at the time of its removal to federal court." (Dkt. 13, p. 4, ¶ 10). The Court takes this to mean that the specific amount which the bill was reduced was not known to Plaintiffs, since Plaintiffs' own filings contained a statement that the medical bill from Bayonet Point was reduced. *See* (Dkt. 2-1, Exh. B, p. 20). The Court has no more information now than it had at the time of removal.

## **CONCLUSION**

A plain reading of the Complaint establishes that the jurisdictional amount in controversy exists. Defendant points to the Plaintiffs' own allegation which explicitly asserts that the decedent's damages were "far in excess of $100,000." (Dkt. 2, p. 3, ¶ 10). The Court can also deduce that based on the claims and damages alleged in the Complaint, the amount in controversy will likely exceed $75,000. Though some unspecified reduction of a medical bill has taken place, Plaintiffs' Complaint seeks much more than the cost of medical bills. Plaintiffs seek damages "for compensatory damages, including bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience,

loss of capacity for enjoyment of life, aggravation of pre-existing or activation of latent condition..." (Dkt. 2, p. 5–6). Employing its "judicial experience and common sense," the Court determines that based on the record, in a wrongful death action like Plaintiffs', Plaintiffs' damages more likely than not exceed $75,000.

It is therefore ORDERED AND ADJUDGED that Plaintiffs' Motion for Remand (Dkt. 13) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on this 25th day of September, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record